

**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law                    A Professional Corporation

900 THIRD AVENUE, 16TH FLOOR
NEW YORK, NY 10022-4728
212-752-8000   212-752-8393 FAX
—
NEW JERSEY
—
DELAWARE
—
MARYLAND
—
TEXAS

**Jed M. Weiss**
ASSOCIATE

**Reply to New York Office**
WRITER'S DIRECT LINE: 646-563-8922
WRITER'S DIRECT FAX: 646-563-7922
WRITER'S E-MAIL: JWEISS@COLESCHOTZ.COM

December 19, 2011

**Via Email and Federal Express**
Katherine B. Harrison
Paduano & Weintraub, LLP
1251 Avenue of the Americas
Ninth Floor
New York, NY  10020

> Re:   NJK Holdings Corporation et al. v. FLI Deep Marine LLC et al.
> Index No:  11CV6946 (DLC)

Dear Ms. Harrison:

Enclosed please find an order of the Hon. Denise L. Cote scheduling an initial pre-trial conference for January 27, 2012, at 2:00 p.m., in the United States Court House, 500 Pearl Street, New York, NY, Courtroom 15B.  In addition, enclosed please find Judge Cote's individual rules and practices.  Please be advised that we are unavailable for the scheduled conference, and intend to seek a brief adjournment from the Court.  Please advise if you consent to our request for an adjournment, and if so, please advise at your earliest convenience if you would prefer any of the following dates:  March 2, March 9, or March 15, 2012.

Thank you for your attention to this matter.

Sincerely yours,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Jed M. Weiss

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
NJK HOLDINGS CORPORATION, DCC VENTURES,:
LLC, NASSER J. KAZEMINY, and THE      :
TRIOMPHE INVESTORS, LLC,              :
                                      :        11 Civ. 6946 (DLC)
                                      :
             Plaintiffs,              :
                                      :        NOTICE OF INITIAL
                                      :        PRETRIAL CONFERENCE
      -v-                             :
                                      :
FLI DEEP MARINE LLC, BRESSNER PARTNERS :
LIMITED, LOGAN LANGBERG, HARLEY       :
LANGBERG, and JEFFREY LANGBERG,       :
                                      :
             Defendants.              :
                                      :
--------------------------------------X

DENISE COTE, District Judge:

     This case has been assigned to me for all purposes. By the
date of the initial pretrial conference, counsel for all parties
are required to register as filing users in accordance with the
Procedures for Electronic Case Filing.

     Counsel for all parties are directed to appear for an
initial pretrial conference with the Court, at the time and place
listed below. Counsel are directed to confer with each other
prior to the conference regarding settlement and each of the
other subjects to be considered at Fed.R.Civ.P. 16 conference,
and to prepare a detailed written proposed schedule for any
motions and discovery. Prior to the date of the conference, all
parties must send the Court one copy of all pleadings.

     If this case has been settled or otherwise terminated,
counsel are not required to appear, provided that a stipulation
of discontinuance, voluntary dismissal, or other proof of
termination is sent prior to the date of the conference via e-
mail to the Orders and Judgment Clerk at the following e-mail
address: orders_and_judgments@nysd.uscourts.gov.

     All conferences with the Court are scheduled for a specific
time; there is no other matter scheduled for that time; and
counsel are directed to appear promptly. **All pretrial
conferences must be attended by the attorney who will serve as
principal trial counsel.**

Requests for adjournment may be made only in a writing received not later than two business days before the conference. The written submission must (a) specify the reasons for the adjournment, (b) state whether the other parties have consented, and (c) indicate times and dates on succeeding Fridays when all counsel are available.  Unless counsel are notified that the conference has been adjourned it will be held as scheduled.

YOU ARE DIRECTED (i) TO SO NOTIFY ALL ATTORNEYS IN THIS ACTION BY SERVING UPON EACH OF THEM A COPY OF THIS NOTICE AND THE COURT'S INDIVIDUAL PRACTICES FORTHWITH, AND (ii) TO FILE PROOF OF SUCH NOTICE WITH THE COURT.  IF YOU ARE UNAWARE OF THE IDENTITY OF COUNSEL FOR ANY OF THE PARTIES, YOU MUST FORTHWITH SEND A COPY OF THE NOTICE AND PRACTICES TO THAT PARTY PERSONALLY.

DATE AND PLACE OF CONFERENCE: **JANUARY 27, 2012**, AT **2 P.M.** AT THE UNITED STATES COURT HOUSE, 500 PEARL STREET, NEW YORK, NEW YORK, IN COURTROOM 15B.

Dated:     New York, New York
           December 16, 2011

                                    DENISE COTE
                          United States District Judge

Revised:  August 23, 2011

## INDIVIDUAL PRACTICES IN CIVIL CASES
### DENISE COTE, United States District Judge

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

**Courtroom**
Courtroom 15B
500 Pearl Street
Gloria Rojas, Courtroom Deputy
(212) 805-0097

**Unless otherwise ordered by Judge Cote, these Individual Practices apply to all civil matters except for civil pro se cases.**

1.  **Communications with Chambers**

    A.  **Letters.**  Except as provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all counsel.  Letters to Chambers should not be filed electronically; letters should simply be mailed to Chambers or hand-delivered in the manner specified below.  Copies of correspondence among counsel shall not be sent to the Court.

    B.  **Telephone Calls.**  For docketing, scheduling, and calendar matters, call Ms. Gloria Rojas, Courtroom Deputy, at (212) 805-0097.  Otherwise, telephone calls to Chambers are permitted only for urgent matters.  In such situations, call Chambers at (212) 805-0202.

    C.  **Faxes.**  Faxes to Chambers are not permitted.

    D.  **Hand Deliveries.**  Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Courthouse; it may not be brought directly to Chambers.  Hand deliveries are continuously retrieved from the Worth Street entrance by Courthouse mail staff and then taken to Chambers.  If the hand-delivered letter is urgent and requires the Court's immediate attention, however, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

    E.  **Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing and should state: (1) the original due date, (2) the number of previous requests for adjournment or extensions of time, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.  If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least 48 hours prior to the scheduled appearance.

2.  **Conferences**

    A.  **Attendance by Principal Trial Counsel.**  The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

1

**B.   Initial Case Management Conference.**  The Court will generally schedule a Fed. R. Civ. P. 16(c) conference for a Friday within three months of the filing of the Complaint.  The Clerk's Office will e-mail the Notice of Initial Pretrial Conference to plaintiff's counsel, who is then responsible for distributing copies to all parties.  Prior to the conference date, one courtesy copy of the pleadings should be sent to Chambers.  In accordance with the Electronic Case Filing Rules and Instructions, counsel are required to register as ECF filers and enter an appearance in the case before the initial pretrial conference.  The pertinent instructions are available on the Court website, http://www.nysd.uscourts.gov, under the "ECF" menu.

**C.   Discovery Disputes.**  Follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party may write a letter to the Court, no longer than two pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter <u>must</u> include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it should call Chambers to advise that a responsive letter will be forthcoming.  Any such responsive letter must be promptly received in Chambers.

**3.   Motions**

**A.   Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required, except for motions concerning discovery, which are governed by Section 2(C) above.

**B.   Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.

**C.   Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

**D.   Courtesy Copies.**  Two courtesy copies of all motion papers, marked as such, should be submitted for Chambers by the movant at the time the reply is served.

**E.   Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F.   Failure of the Court to Schedule Argument or Decide a Motion.**  If a motion is not decided within 60 days of the time that it has become fully briefed, counsel for the movant shall send a letter to alert the Court.

**G.   Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Section 5(C) below.

**H.   Default Judgments.**  A plaintiff seeking a default judgment must proceed by way of an order to show cause pursuant to the procedure set forth in Attachment A.

4.    **Other Pretrial Guidance**

    **A.    Redactions and Filing Under Seal.**  Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal.  The party must attach to its letter: (1) one full set of the relevant document(s) in <u>highlighted</u> form (i.e., with the words, phrases, or paragraphs to be redacted highlighted); and (2) one partial, looseleaf set of solely those pages on which the party seeks to redact material.  Upon receiving these documents, the Court will individually review the proposed redactions.  Chambers will file under seal the unredacted pages for which the Court has approved redactions, and the party shall then file the redacted version of the document(s) on ECF.

    **B.    Settlement Agreements.**  The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

    **C.    Diversity Jurisdiction Cases.**  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, submit to the Court a letter no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

    **D.    Bankruptcy Appeals.**  Briefs must be submitted in accordance with Fed. R. Bankr. P. 8009-10.  Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

5.    **Trial Procedures**

    **A.    Joint Pretrial Order.**  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery, the parties shall submit to the Court a proposed joint pretrial order, which shall include the following:

        i.   The full caption of the action.

        ii.  The names, law firms, addresses, and telephone and fax numbers of trial counsel.

        iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are <u>not</u> to be tried. The summaries should not recite any evidentiary matter.

v. A statement as to the number of trial days needed and regarding whether the case is to be tried with or without a jury.

vi. A statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent.

vii. Any stipulations or agreed statements of fact or law to which all parties consent.

viii. A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony.

ix. A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.   Required Pretrial Filings.**  Each party shall file and serve with the joint pretrial order:

i. In <u>all</u> cases, motions addressing any evidentiary issues or other matters  which should be resolved *in limine*;

ii. In <u>all</u> cases where a party believes it would be useful to the Court, a pretrial memorandum of law; and

iii. In <u>jury</u> cases, requests to charge and proposed *voir dire* questions;

iv. In <u>non-jury</u> cases, proposed findings of fact and conclusions of law.  The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

**C.   Additional Submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall submit to the Court and serve on opposing counsel, but not file on ECF, the following:

i. Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits.

4

ii.  All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition.  Each synopsis shall include page citations to the pertinent pages of the deposition transcripts.

iii.  All documentary exhibits.

**D.   Filings in Opposition.**  Any party may file the following documents within one week after the filing of the pretrial order, but in no event less than two days before the scheduled trial date.

i.   Objections to another party's requests to charge or proposed *voir dire* questions.

ii.  Opposition to any motion *in limine*.

iii.  Opposition to any legal argument in a pretrial memorandum.

**E.   Courtesy Copies.**  Two courtesy copies of all documents identified in Sections 5(A), (B), (C)(i-ii), and (D) above should be submitted to Chambers on the date on which they are to be served or filed.  Only one set of documentary exhibits is required.  Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

**F.   Trial Schedule.**  Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m., with lunch from 12:45 p.m. to 2 p.m.

6.   **Policy on the Use of Electronic Devices**

**A.   Mobile Phones and Personal Electronic Devices.**  Attorneys' use of mobile phones, Blackberries, and other personal electronic devices within the Courthouse and its environs is governed by Standing Order M10-468.  Any attorney wishing to bring a telephone or other personal electronic device into the Courthouse must be a member of this Court's Bar, must obtain the necessary service pass from the District Executive's Office, and must show the service pass upon entering the Courthouse.  **Mobile phones are permitted inside the Courtroom, but they MUST be kept turned off at all times**.  Non-compliance with this rule will result in forfeiture of the device for the remainder of the proceedings.

**B.   Computers, Printers, or Other Electronic Equipment.**  In order for an attorney to bring into the Courthouse any computer, printer, or other electronic equipment not qualifying as a "personal electronic device," specific authorization is required by prior Court Order.  Any party seeking to bring such equipment into the Courthouse should send a letter to Chambers at least 10 business days in advance of the relevant trial or hearing requesting permission to use such equipment.  The request letter shall identify the type(s) of equipment to be used and the name(s) of the attorney(s) who will be using the equipment.  Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel.  The Order must be shown upon bringing the equipment into the Courthouse.

**ATTACHMENT A**                                                                 Revised May 5, 2010

### DEFAULT JUDGMENT PROCEDURE

1.      Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Cote in Courtroom 15B. Leave blank the date and time of the conference. Judge Cote will set the date and time when she signs the Order.

2.      Provide the following supporting papers with the Order to Show Cause:

      a.      an attorney's affidavit setting forth:

            (i)      the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

            (ii)     the procedural history beyond service of the summons and complaint, if any;

            (iii)    whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

            (iv)    the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

            (v)     legal authority for why an inquest into damages would be unnecessary.

      b.      a proposed default judgment.

      c.      copies of all of the pleadings.

      d.      a copy of the affidavit of service of the summons and complaint.

      e.      if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3.      Take the Order to Show Cause and supporting papers to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for initial review and approval.

4.      After the Orders and Judgments Clerk approves the Order to Show Cause, bring all of the papers to Chambers (Room 1610, 500 Pearl Street) for the Judge's signature. Also bring a courtesy copy of the supporting papers to leave with Chambers.

5.      After the Judge signs the Order, serve a conforming copy of the Order and supporting papers on the defendant. (Chambers will retain the original signed Order for docketing purposes, but will supply you with a copy. You may also print a copy of the signed Order from the CM/ECF system after the Order has been docketed.)

6.      Prior to the return date, file through the CM/ECF system: (1) an affidavit of service, reflecting that the defendant was served with a conforming copy of the Order and supporting papers; and (2) the supporting papers. (The signed Order itself will be scanned and docketed by Chambers.)

7.      Prior to the return date, take the proposed judgment, separately backed, to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.